## HODGE v. SLOAN.
### No. 3716.

Court of Civil Appeals of Texas. Amarillo.
Jan. 20, 1932.

W. D. Hollars, of Vernon, for appellant.

Berry, Warlick & Gossett, of Vernon, for appellee.

JACKSON, J.

The record discloses: That appellant and appellee were partners, and as such made a contract with the Farmers' Co-operative Society No. 1 of Childress, Tex., to perform certain services for said Farmers' Co-operative Society. That appellant and appellee instituted suit against said society to recover for such services. That said suit was compromised, and the appellant collected net $210, one-half of which belonged to appellee.

That the appellee sued the appellant in justice court of Wilbarger county, Tex., for an accounting, and to recover and did recover judgment for $105, one-half of the amount collected by appellant in such compromise. That appellant prosecuted an appeal from the judgment in the justice court to the coun-

ty court of said Wilbarger county, and, upon a trial de novo, appellee again recovered judgment for $105, with interest and costs.

That appellant admits in his pleadings the collection of the $210 as partnership funds, but says that the contract of appellant and appellee with the Farmers' Co-operative Society was to recover for said society certain excess income tax money paid by said society to the United State government, and alleges that the appellee entered into a conspiracy with the Parfet Auditing Company, and aided and assisted said company in securing from the Farmers' Co-operative Society a contract covering the same services which appellant and appellee had contracted to do for said Farmers' Co-operative Society and for which appellant and appellee as a partnership sued said society. That, by reason of such conspiracy and the fraudulent conduct of appellee in assisting and aiding the Parfet Auditing Company in securing a contract with said Farmers' Co-operative Society, the contract of appellant and appellee with said society became worthless. That said contract was worth $1,831.13, but appellant was forced to accept the sum of $210 in settlement of the claim because of such fraudulent conduct of appellee, and appellant thereby lost an amount in excess of the jurisdiction of the justice court, and a cross-action therefor cannot be set up and recovered, for which reason the appellee is not entitled to recover the $105 involved in this suit.

In response to special issues submitted by the court, the jury found that appellant was indebted to appellee, and that the amount thereof was $105, and on these findings the court rendered judgment in favor of appellee for said sum, together with interest and costs, from which judgment appellant appeals.

By several assignments, all of which present the same alleged error and will therefore be considered together, the appellant contends that the trial court committed reversible error in failing to submit to the jury in his main charge any issue covering the alleged conspiracy and fraud of appellee and in failing at appellant's request to submit such issues.

The only issue asked by the appellant is in substance whether appellee entered into a conspiracy with the Parfet Auditing Company and fraudulently agreed that appellee would surrender the contract held by him and appellant with the Farmers' Co-operative Society for the purpose of defrauding the appellant and rendering the contract they had with the society worthless.

If we concede that appellant's allegations were sufficient to present this issue, and that his claim could be set up by way of reconvention, neither of which it is necessary to determine, it is our opinion that the testimony

is insufficient to present either an issue of fraud or conspiracy upon the part of appellee in connection with the contract between the Farmers' Co-operative Society and the Parfet Auditing Company or in the compromising of the suit of appellant and appellee against said society.

The judgment is therefore affirmed.